**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**YULIETH MACHADO, TULIO MACHADO,**

        **Plaintiffs,**

**-vs-**                                        **Case No. 6:09-cv-2102-Orl-28KRS**

**FLORIDA DAVIS, INCORPORATED,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after a hearing on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS (Doc. No. 41)**
>
> **FILED:**        **September 16, 2011**

The record reflects that Plaintiffs Yulieth and Tulio Machado did not attend the mediation in this case in violation of the Case Management and Scheduling Order, Doc. No. 32. In the motion to dismiss, Defendant asks that the Court dismiss the case with prejudice and require Plaintiffs Yulieth and Tulio Machado to pay the mediation fees and attorney's fees and costs Defendant incurred in attending the mediation.

The Machados, who are currently representing themselves, appeared at the hearing on the motion with a Spanish interpreter. Mr. Machado stated that they received notice of the mediation a few days before the mediation date in a letter written in English, which they could not read. They did not have the letter translated into Spanish until after the mediation date. Accordingly,

they represent that they did not attend the mediation because they did not receive actual notice of it.

Mr. Machado stated that Plaintiffs' previous attorneys in this case sent them copies of documents filed in the case. The Machados did not bring copies of case documents with them to Court. After being presented with a copy of the Notice of Mediation, Doc. No. 34, which the interpreter translated for them, neither Yulieth nor Tulio Machado recalled ever seeing the document. Counsel for Defendant did not have any other information showing that the Machados received actual notice of the mediation.

Because there is no evidence that the Machados received notice of the mediation until shortly before the mediation date, and they represent that they could not read the notice sent to them shortly before the mediation, I recommend that the Court **DENY** the motion to dismiss the case with prejudice. Dismissal with prejudice is too severe a sanction for the failure to attend the mediation under these circumstances.

Nevertheless, in the order permitting counsel to withdraw, the Court cautioned the Machados that they were responsible for prosecuting the case, including complying with all Court orders and deadlines. Doc. No. 39. The docket reflects that, on March 25, 2011, the Clerk of Court mailed the order to the Machados at their address of record. The Machados confirmed at the hearing that the address of record is their correct mailing address.

It appears that the Machados did not take any steps in response to the March 25, 2011 order to review the Court record or the papers sent to them by their previous counsel to determine what was required of them. By failing to do so, they have violated scheduling and other pretrial orders. As such, sanctions may be imposed. *See* Fed. R. Civ. P. 16(f).

Because violation of the order requiring the Machados to a comply with Court orders and deadlines was not the basis of the motion to dismiss, I recommend that the Court **DENY without prejudice** the request for imposition of attorney's fees and costs subject to filing a renewed motion specifically addressing the Machados' failure to comply with Court orders. This will ensure that the Machados will be given an opportunity to respond before the Court determines whether imposition of sanctions on that basis is warranted.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 28, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy