# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

YULIETH MACHADO, TULIO
MACHADO,

          **Plaintiffs,**

-vs-                                         **Case No. 6:09-cv-2102-Orl-28KRS**

FLORIDA DAVIS, INCORPORATED,

          **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **NOTICE OF FILING FULLY EXECUTED SETTLEMENT AGREEMENT AND RENEWED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL (Doc. No. 56)** |
| **FILED:** | **January 12, 2012** |

## I.    PROCEDURAL HISTORY.

       Plaintiffs Yulieth Machado and Tulio Machado and Defendant Florida Davis, Incorporated seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the United

States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the

FLSA may only be settled or compromised when the Department of Labor supervises the payment

of back wages or when the district court enters a stipulated judgment "after scrutinizing the

settlement for fairness." *Id.* at 1353.  In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[1]

the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should

receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.*

at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)).  Therefore, in any case

where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has

compromised his claim within the meaning of *Lynn's Food Stores*.

## III.     ANALYSIS.

Plaintiff Yulieth Machado averred in response to the Court's interrogatories that she was

owed $4,836.30 in overtime compensation and an equal amount in liquidated damages.  Doc. No.

23-1.  Plaintiff Tulio Machado averred that she was owed $2,154.90 in overtime compensation

and an equal amount in liquidated damages.  Doc. No. 24-1.  Under the settlement agreement,

Yulieth Machado will receive $500.00 and Tulio Machado will receive $500.00.  Therefore, they

have compromised their claims.

Plaintiffs' counsel withdrew from the case in March 2011.  Doc. No.  39.  Thereafter,

Plaintiffs represented themselves.  In the above-referenced motion, counsel for Florida Davis

---

[1]The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive
authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

indicated that there were a number of disputed issues in this case, including the following: (i) whether Plaintiffs were employees or independent contractors; (ii) the number of overtime hours worked by Plaintiffs during each workweek, if any; (iii) whether Plaintiffs are entitled to recover liquidated damages; (iv) whether a 2-year or 3-year statute of limitations applies to Plaintiffs' overtime claims; and (v) whether Plaintiff Tulio Machado is judicially estopped or lacks standing to pursue his FLSA claim due to his failure to disclose it during his bankruptcy proceedings. Doc. No. 56 at 3. In light of these factual and legal disputes and the inherent risks of litigation, especially considering the fact that Plaintiffs are not represented by counsel, the parties believe that the settlement is in their best interests. *Id.* at 5. Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

Because Plaintiffs are not represented by counsel, the settlement agreement does not provide for an award of attorney's fees to Plaintiffs' counsel.

Under these circumstances, I recommend that the Court find that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

The Court need not approve the settlement agreement as a whole. I note that the settlement agreement contains a confidentiality clause which is, at least in part, unenforceable due to the public filing of the settlement agreement. Therefore, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1.    **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2.      **GRANT in part** the Renewed Motion for Approval of Settlement Agreement, Doc. No. 56;

3.      **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

4.      **DISMISS** the case with prejudice; and,

5.      **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 17, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy